UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

ATILIO ARELO,

     Plaintiff,

   -against-

BLOOMBERG L.P.; THOMAS BOEKAMP,
HANK KELBAUGH, and BENNY TRAMO,
individually, and in their official capacities as
employees of Bloomberg L.P.,

     Defendants.

------------------------------------------------------------ x

  07-CV-6906 (LAK)

**REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF
DEFENDANTS' MOTIONS TO DISMISS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                   :

ATILIO ARELO,
                                   :

             Plaintiff,
                                   :

          -against-                        07-CV-6906 (LAK)

                                     :

BLOOMBERG L.P.; THOMAS BOEKAMP,
HANK KELBAUGH, and BENNY TRAMO,   :
individually and in their official capacities as
employees of Bloomberg L.P.,             :

                Defendants.     :

---------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS

Defendant Bloomberg L.P. ("Bloomberg") and defendants Thomas Boekamp, Hank Kelbaugh, and Benny Tramo (the "Individual Defendants" and, together with Bloomberg, the "Defendants") collectively submit this reply memorandum of law in support of their motion (the "Motion"), pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Counts 1 through 10, and 12 through 14 of the Amended Complaint.

## PRELIMINARY STATEMENT

Defendants' opening brief in support of their Motion (the "Opening Brief") demonstrated that Arelo's various discrimination and retaliation claims should be dismissed because his Amended Complaint contains no allegations to suggest that any of the actions of which he complains were undertaken for discriminatory or retaliatory reasons. Arelo's response to the Motion (the "Response") essentially concedes the absence of such allegations but argues

that none are required beyond his boilerplate conclusions of discriminatory intent.  As shown in the Opening Brief and below, the caselaw is to the contrary.

Arelo's Response also confirms that he cannot assert claims under the Americans with Disabilities Act (the "ADA") because he fails adequately to allege any "substantial limitation" on a major life activity.  Again, Arelo argues that his Amended Complaint suffices because he has sprinkled it with conclusory statements that various of his medical conditions have caused such limitations.  But Arelo cannot point to any specific allegations that bear out that conclusion, and the absence of such allegations provides an independent basis for dismissing Arelo's ADA claims.

Finally, Arelo's Response includes a half-hearted effort to salvage his New Jersey state law claims against the Individual Defendants.  As with his discrimination and retaliation claims generally, Arelo fails to point to any allegations to support his assertion that any of the Individual Defendants acted with discriminatory intent, and therefore they should be dismissed.

## I.  ARELO'S RESPONSE CONFIRMS THAT HIS AMENDED COMPLAINT IS INSUFFICIENT TO SHOW DISCRIMINATORY OR RETALIATORY BIAS.

### A.  Arelo's Response Points to No Allegations Substantiating His Conclusory Allegation of Discriminatory Animus.

As Defendants showed in their Opening Brief, Arelo's discrimination claims based on his age, national origin and disability should be dismissed because his Amended Complaint sets forth no allegations to substantiate his conclusory assertions that the actions of which he complained were motivated by any discriminatory animus.  (See Opening Brief at 14.)  Arelo responds to that argument by essentially conceding that his Amended Complaint is devoid of any specific allegations suggesting discriminatory intent.  Instead, Arelo argues that the relevant pleading standards do not require him to set forth such allegations.  (See Response at 7-9.)  In making this argument, Arelo ignores completely the recent cases cited by Defendants in which

discrimination claims were dismissed for failure to plead facts giving rise to an inference of discrimination. See Harrison v. Harlem Hosp., No. 05-CV-8271, 2007 WL 2822231, at *4 (S.D.N.Y. Sept. 28, 2007) (discrimination claim dismissed where "plaintiffs assert that Defendants discriminated against them because they are African-American, [but] they do not allege a single fact to support their claims."); Jones v. Consumer Info. Dispute Resolution, No. 06-CV-1809, 2007 WL 2398811 (S.D.N.Y. Aug. 16, 2007) (Title VII claim dismissed where complaint contained no allegations supporting inference of discrimination).

Indeed, decisions from the past few weeks confirm that Arelo's conclusory allegations of discrimination do not meet the test set forth last Spring in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), in which the Supreme Court held that Rule 8 imposes in all cases a "flexible 'plausibility standard,' which obligates a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007).

For example, in Patane v. Clark, No. 06-CV- 3446, 2007 WL 4179838, at *3 (2d Cir. Nov. 28, 2007), the Second Circuit affirmed the dismissal of Title VII claims where plaintiff failed "to plead any facts that would create an inference that any [adverse] action taken by . . . [any] defendant was based upon her gender."  In reaching that conclusion, the Court noted that Plaintiff's complaint did not "set forth any factual circumstances from which a gender-based motivation for such an action might be inferred."  Similarly, in McCray v. City of New York, No. 03-CV-9685, 2007 WL 4352748, *24 (S.D.N.Y. Dec. 11, 2007), the Court dismissed plaintiff's Section 1981 claims because:

> Plaintiffs make no allegations which can be interpreted
> to show racial discrimination or plausible entitlement to
> relief.  Plaintiffs conclusor[il]y assert that Defendants
> acted with racial animus in a purposefully discriminatory

> manner.  Nowhere do Plaintiffs explicitly allege any
> facts which show that any Defendant was motivated by
> racial animus, or which show that Defendants
> deliberately acted discriminatorily.

Arelo's allegations suffer from the same defect.  As Arelo's Response confirms, the Amended Complaint does not allege any facts from which a discriminatory animus by Defendants could reasonably be inferred.  Instead, while Mr. Arelo repeats in his Response the conclusory and implausible assertions from the Amended Complaint, none of his colorful rhetoric suggests in any way a discriminatory motive by any of the Defendants.[1]

### B.  Arelo's Allegations Are Insufficient to Show Retaliatory Animus.

As shown in the Opening Brief, Arelo's retaliation claims should be dismissed because he fails to set forth facts that suggest that the actions of which he complains were motivated by a retaliatory animus.  See Reyes v. City Univ. of New York, No. 06-CV-3639, 2007 WL 2186961 (S.D.N.Y. July 26, 2007) (retaliation claims dismissed where complaint did not plead facts sufficiently linking adverse employment actions to complaint of discrimination).  Arelo responds that he has adequately pled retaliatory bias by reference to the temporal proximity between his complaining to Bloomberg's Human Resources department and the actions he characterizes as retaliatory.  (Response at 18.)  A review of Arelo's claims shows that this supposed temporal nexus is illusory.

Arelo alleges that he lodged "three formal complaints to Human Resources, each

---

[1]  Arelo suggests in his Response that Defendants ignored his hostile work environment claims. But as Arelo recognizes, a hostile work environment claim requires, among other things, a showing that the plaintiff "was subjected to hostility because of her membership in a protected class."  (Response at 21) (quoting Kassner v. 2nd Avenue Delicatessen Inc., 496 F.3d 229, 240-41 (2d Cir. 2007)) (emphasis added).  Consequently, Defendants' arguments regarding the inadequacy of Arelo's allegations of discriminatory motive apply both to his hostile work environment claims and his disparate treatment claims.

followed by acts in retaliation almost immediately thereafter." (Response at 18.) Specifically, Arelo alleges:

- He complained about Boekamp's following him into the bathroom and timing his bathroom breaks, and Boekamp responded by "bumping into Arelo in a threatening manner, while circling Arelo at lunch time with a hand timer." (Response at 18-19.)

- On September 1, 2005, Arelo lodged a written complaint about Boekamp with Human Resources, and one month later "Bloomberg attempted to force Arelo out by assigning him to an accountant/translator position. . ." (Response at 19.)

- On November 21, 2005, Arelo asked to be excused from "accountant/translator" duties. About two months later, he received a negative performance review, and had his compensation cut. Twenty-four hours later, Arelo's team leader called his house to see if Arelo was coming to work that day. Two days after that, Boekamp "screamed at Arelo" and said "he would never leave Arelo alone." (Response at 19.)

- In October 2006 (nearly a year later), Bloomberg "and its henchmen" tampered with Arelo's computer so as to "create a false record of Arelo as a pedophile." (Response at 20.)

- On November 28, 2006 (over a year after the prior "complaint"), Arelo was given a letter of reprimand. (Response at 20.)

As a initial matter, some of these supposed actions are alleged to have takeen place several months after Arelo's alleged complaints, and therefore lack the temporal proximity on which Arelo relies. See Hughes v. Derwinski, 967 F.2d 1168, 1174-75 (7th Cir. 1992) (four month gap does not raise inference of causation); Richmond v. ONEOK, 120 F.3d 205, 209 (10th Cir. 1997) (three month gap insufficient).

In any event, none of the supposed retaliatory acts give rise to a claim under either a disparate treatment or hostile work environment. Thus, Arelo's contention that he was asked, for a brief period, to take on additional accounting responsibilities (at the same level of pay and benefits, with the same "title") is not actionable because it does not amount to an adverse employment action. See, e.g., Leget v. Henderson, 2001 WL 43615, at *5 (S.D.N.Y. Jan. 18, 2001) (temporary adverse transfer followed by restoration of employment status not actionable).

Similarly, Boekamp's supposedly "screaming" at Arelo, following him into the bathroom, circling him in the cafeteria, the alleged phone call to Mr. Arelo's house, and the alleged "tampering" with his computer[2], are also not actionable.  See, e.g., Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 80 (1998) (Title VII is not a "general civility code"); Higgins v. Gonzales, 481 F.3d 578, 591 (8th Cir. 2007) ("personality conflicts, bad manners, or petty slights and snubs" are not actionable); Gomez v. Laidlaw Transit, Inc., 455 F. Supp. 2d 81, 89-90 (D. Conn. 2006) ("Plaintiff has not shown that [her supervisor's] criticizing her work, standing over her, not letting her leave, or leaving her a stack of papers, or her comment about being sick and tired of plaintiff's being sick, were anything more than minor annoyances."); Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) (personality conflicts will not create a basis for a hostile work environment claim); Curtis v. Citibank N.A., No. 97-CV-1065, 1999 U.S. Dist. LEXIS 23047, at *59 (S.D.N.Y. Dec. 13, 1999)[3] (granting summary judgment where conduct complained of related to "managerial style").[4]

## II.    ARELO'S RESPONSE CONFIRMS THAT HE FAILS TO PLEAD THAT HE IS DISABLED UNDER THE ADA OR THAT BLOOMBERG REGARDED HIM AS SUCH.

### A.   Arelo's Response Confirms The Absence of Sufficient Allegations of a Substantial Impairment of a Major Life Activity.

As shown in Defendants' Opening Brief, Arelo's claims under the Americans with

---

[2] Notably, there is no allegation that Bloomberg in fact created a record of Mr. Arelo as a pedophile. Instead, Mr. Arelo's allegations merely suggest that he believed the intent of tampering with the computer (allegations with which Defendants vehemently deny) was to *attempt* to create such a record. (Response at 6, 20; Am Compl. ¶ 46.)

[3] A copy of this opinion is annexed hereto as Exhibit 1.

[4] Defendants recognize that a reduction in compensation may qualify as an adverse employment action. Here, however, a reduction in compensation two months after Arelo's "complaint" cannot plausibly be characterized as retaliatory since, according to Arelo, he had started receiving negative reviews, criticisms and reductions in pay *prior to* his alleged complaints in November 2005.  (See, e.g., Amended Complaint ¶ 19.)

Disabilities Act, 42 U.S.C. § 12101 et seq. (the "ADA"), should be dismissed because Arelo's Complaint fails to plead a "disability" within the meaning of the ADA.  (Opening Brief at 8.) Arelo's Response confirms the absence of sufficient allegations in that regard.

Arelo argues at length that his various conditions constitute "impairments" within the meaning of the ADA, and that the activities that are impaired constitute "major life activities." (Response at 12-15.)  In doing so, however, he glosses over the ADA's additional requirement that, in order to be "disabled," the impairment must "substantially limit" such activities.  42 U.S.C. § 12102(2) (emphasis added).  Nor does Arelo address the various cases citied in Defendants' Opening Brief which make clear that his conclusory allegations of a "substantial impairment" are insufficient to state a claim under the ADA.  (See Opening Brief at 8-12.) Instead, Arelo relies on Cellamare v. Milbank Tweed Hadley & McCloy LLP, No. 03-CV-0039, 2003 WL 22937683 (E.D.N.Y. Dec. 2, 2003) and Weixel v. Board of Educ. of the City of New York, 287 F.3d 138 (2d Cir. 2002) (see Response at 13-14), each of which were decided prior to Bell Atlantic and involved pro se plaintiffs whose allegations were therefore given the benefit of more liberal pleading standards.

Finally, Arelo suggests that the unidentified restrictions on his ability to care for himself constitute a substantial limitation on a major life activity because his condition is permanent. (Response at 15.)  Again, Arelo's argument misstates the law; a condition's permanence does not necessarily make it a substantial limitation.  See Webster v. Pomperaug Reg'l Sch. Dist. 15, No. 04-CV-1265, 2007 WL 987539, at *8-9 (D. Conn. 2007).

### B.  Bloomberg's Granting Some of Arelo's Requests for Accommodations Does Not Imply That it Regarded Him as Disabled.

Mr. Arelo also argues that, even if he is not actually "disabled" within the meaning of the ADA (which he clearly is not), he can still assert claims under that statute because

Bloomberg regarded him as disabled. (Response at 16.) As discussed in Bloomberg's Opening Brief (Opening Brief at 8), Arelo is correct that a non-disabled person can assert claims under the ADA if his employer considered him to be "disabled," but Arelo is wrong in arguing that his allegations show that Bloomberg held that view.

As Arelo's Response concedes, an employer will not be deemed to have considered an employee to be "disabled" under the ADA unless the employer believed that the employee suffered from a condition that substantially limits a major life activity. (Response at 15.) Arelo argues that Bloomberg must have held that view because it initially excused Arelo from certain duties following receipt of a doctor's note saying that Arelo was unable to perform them. (Id. at 16, citing Amended Complaint ¶ 34.) But Bloomberg's granting of that accommodation is insufficient to give rise to a claim that it viewed Arelo as being substantially limited in a major life activity. See Colwell v. Suffolk County Police Dept., 158 F.3d 635 (2d Cir. 1998). In that case, the Court held that:

> An employer that accedes to minor and potentially debatable accommodations (a sensible way to avoid litigation, liability, and confrontation) does not thereby stipulate to the employee's record of a chronic and endless disability. Otherwise, costless accommodations to physical complaints . . . would entail large future costs, would discourage the employment of persons with minor limitations, and would promote litigation without assisting persons entitled to protection of the ADA.

Id. at 646.

## III. ARELO'S RESPONSE CONFIRMS HIS FAILURE TO STATE NJLAD CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS.

### A. None of Arelo's Allegations Suggest That the Individuals Acted With a Discriminatory Bias.

As shown in the Defendants' Opening Brief, the aiding and abetting claims against the Individual Defendants under the New Jersey Law Against Discrimination fail because there are

no allegations in the Amended Complaint suggesting that any of the Individual Defendants acted

with the intention of furthering discriminatory treatment of Arelo.  (Opening Brief 15-17.)

Arelo's Response fails to rebut this.  Instead, Arelo merely repeats the conclusory assertions that

Boekamp "personally engage[d] in the discrimination and retaliation at issue;" that "Tramo

individually lied to Arelo about the elimination of a position . . ." and "facilitate[ed] Bloomberg

and Boekamp's discriminatory campaign;" and that Kelbaugh "participated in the tailing of the

ambulance" (which Arelo views as manifestly discriminatory).  (Response at 24.)  There are no

facts alleged that would support a finding that any of these individuals acted with the requisite

knowledge or discriminatory intent under the NJLAD.  As such, the NJLAD claims against the

Individual Defendants should be dismissed.

### B.  The Claims Against Tramo Fail For the Additional Reason That, As Arelo Implicitly Concedes, He Was Not Arelo's Supervisor And Therefore Cannot Be Held Liable Under the NJLAD.

Arelo concedes that, under the NJLAD, individual liability can only be imposed against

"supervisors."  (Response at 24.)  Arelo argues that Boekamp and Kelbaugh qualify as

"supervisors," but he makes no such effort as to Tramo.  (Id.)  Arelo's inability to characterize

Tramo, a Human Resources employee, as a "supervisor" provides yet another reason for

dismissing the claims against Tramo.

## <u>CONCLUSION</u>

For the foregoing reasons, and for the reasons set forth in Defendants' Opening Brief, Defendants respectfully request that Counts 1 through 10 and 12 through 14 of Plaintiffs' Amended Complaint be dismissed with prejudice.

Dated:    New York, New York
          December 20, 2007

                                        WILLKIE FARR & GALLAGHER LLP


                                        By _____
                                            Thomas H. Golden (TG-1467)

                                        787 Seventh Avenue
                                        New York, New York  10019
                                        (212) 728-8000
                                        tgolden@willkie.com

                                        Attorneys for Defendants Bloomberg L.P.,
                                        Thomas Boekamp, Hank Kelbaugh, and Benny
                                        Tramo

Of counsel:

Anna C. Aguilar
Katharine N. Monin